|  |  |
|---|---|
| SKYLER R. BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DEANDRA, *et al.*,<br><br>        Defendants. | Case No. 2:20-cv-01913-JDP (PC)<br><br>SCREENING ORDER<br><br>ORDER THAT PLAINTIFF:<br><br>(1) NOTIFY THE COURT THAT HE WILL PROCEED ONLY ON THE CLAIMS SANCTIONED BY THIS ORDER AND WILL VOLUNTARILY DISMISS ALL OTHER DEFENDANTS AND AMEND TO REMOVE ALL OTHER CLAIMS;<br><br>(2) FILE A SECOND AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>THIRTY-DAY DEADLINE<br><br>ECF No. 11 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Skyler R. Brown is a state prisoner[1] proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's initial complaint was dismissed with

---

[1] At the time relevant to the immediate claims, plaintiff was an inmate in the Sacramento County Jail. *See* ECF No. 18.

leave to amend for failure to state a cognizable claim. ECF No. 7. Plaintiff has now filed an amended complaint alleging that defendant Scheller failed to protect him from being sexually assaulted by his cellmate. ECF No. 11. He also alleges that, after the assault had occurred, an unnamed "Doe" defendant told him that staff couldn't take any action unless there was evidence of semen. *Id.* at 3. Plaintiff has stated a cognizable Eighth Amendment failure to protect claim against Scheller. His allegations against the "Doe" defendant do not state a claim, however.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Plaintiff alleges that, on September 5, 2019, he told defendant Scheller that his cellmate was sexually assaulting him and that he needed to move cells. ECF No. 11 at 3. Scheller allegedly ignored plaintiff's request for help and ordered him back to his cell. *Id.* Plaintiff claims that his cellmate continued sexually assaulting him until, on some unspecified date, Scheller and another unnamed "Doe" correctional officer removed plaintiff from the cell. *Id.* The defendants took plaintiff to a shower and told him to point out where his cellmate had touched him. *Id.* The "Doe" defendant asked plaintiff if he had any evidence of semen on him and told him that that there was nothing staff could do without it. *Id.*

The foregoing allegations state a cognizable Eighth Amendment failure to protect claim against Scheller. Plaintiff has not stated a viable claim against the "Doe" defendant, however. A successful failure to protect claim requires a claimant to establish two elements. First, the claimant must show that the defendant's act or omission caused "a substantial risk of serious harm." *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). Second, the claimant must show that the defendant was and subjectively aware of that risk and acted with "deliberate indifference to inmate health or safety." *Id.* Here, plaintiff's allegations, taken as true, do not satisfy these elements. He does not explain what happened after the shower examination or what, if any, action the "Doe" defendant took after questioning plaintiff about physical evidence. Absent such allegations, I cannot determine whether this defendant acted with deliberate indifference. Plaintiff may either proceed only with his claim against Scheller, or he may delay serving any defendant and file another amended complaint.[2]

Should plaintiff choose to amend the complaint, the amended complaint may be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d

---

[2] Plaintiff may also notify the court he intends to stand on his complaint. If he selects this option, I will file recommendations that his claim against the "Doe" defendant be dismissed.

930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934.  Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims.  Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint must be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 11) states, for screening purposes, a viable Eighth Amendment failure to protect claim against defendant Scheller.

2. All other claims in the complaint are not cognizable.

3. Within thirty days plaintiff shall return the notice below advising whether: (1) he elects to proceed with the cognizable claims identified above and voluntarily dismiss the others; (2) file an amended complaint; or (3) stand by his complaint and decline to voluntarily dismiss the claims I have found to be non-cognizable.

4. Failure to comply with any part of this this order may result in dismissal for failure to prosecute.

4

IT IS SO ORDERED.

Dated:   December 29, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLER R. BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DEANDRA, et al.<br><br>    Defendants. | No. 2:20-cv-1913- JDP (PC)<br><br><br>NOTICE OF ELECTION |

  In accordance with the court's Screening Order, plaintiff hereby elects to:

  (1) _____ proceed only with his Eighth Amendment failure to protect claim against defendant Scheller.  Selecting this option obligates plaintiff to voluntarily dismiss the other claims and defendants.

OR

  (2) _____ delay serving any defendant and files an amended complaint.

OR

5

(3) _____ proceed with his Eighth Amendment failure to protect claim against Scheller, stand by his complaint, and not voluntarily dismiss his other claims. If plaintiff selects this option, I will recommend dismissal of the other, non-cognizable claims

_____
Plaintiff

Dated: